Circuit Court, District of Columbia. Nov. Term, 1839.[2]

TAXATION—COLLECTION — SALE FOR NONPAYMENT —LANDLORD AND TENANT — RECOVERY OF POSSESSION.

1. A tax-sale of part of a lot in the city of Washington in December, 1835, was held to be void, because the number of the lot, of which the premises in dispute were a part, was not mentioned nor stated in the advertisement of the sale, as required by the charter of Washington of 1820, § 10, and the act of 26th of May, 1824 [4 Stat. 75].

[See note at end of case.]

[See Raymond v. Longworth, Case No. 11,-595; Brettaugh v. Coal & Iron Co., Id. 1,846.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed by the supreme court in Connor v. Bradley, 1 How. (42 U. S.) 211.]
3FED.CAS.—72

2. If there be a lease for years, with right of reëntry for non-payment of rent, and six months' rent be in arrear, and no sufficient personal property on the premises to countervail the rent arrear, the lessor may, under the statute of 4 Geo. II. c. 28, which is in force in the county of Washington, recover in ejectment, as if he had made a strict demand of the rent, and had entered.

3. But the lessor cannot recover while the lease is in full force; and it is in full force, unless forfeited by the right of reëntry, and the proceeding to serve a declaration in ejectment according to the provisions of that statute; six months' rent being arrear and not sufficient goods on the premises to countervail the rent.

[See note at end of case.]

At law. Ejectment [by Henry Bradley and wife's lessee against Mary Ann Conner] for "a certain piece or parcel of ground in the city of Washington and county aforesaid, and being part of square numbered 906 upon the plan of the said city, beginning for the said part thirty-four feet north from the south-west corner of the said square, at the intersection of L street south, and 7th street east, and running thence on the line of said 7th street east, thirty-five feet north; thence east thirty feet; thence south thirty-five feet; thence west thirty feet to the beginning." On the trial of the cause, it appeared that William Prout, being seized in fee of the premises, on the 20th of February, 1807, demised the same to Joseph B. Parsons for ninety-nine years, renewable forever, at the annual rent of $35, clear of all taxes, etc., with leave to purchase the fee simple upon payment of $196.87, with a clause of reentry for non-payment of rent. Parsons entered under the lease, and continued in possession, paying the rent and the taxes, until his death in 1813, leaving a widow, who remained in possession, and several children, of whom the defendant is one. The widow continued in possession until the death of Mr. Prout in 1823, having previously paid him $100 on account of the purchase of the fee-simple. Some time after his death she abandoned the possession of the premises to the defendant, who took possession thereof, claiming to hold the leasehold estate, with the knowledge and consent of the widow and the other children of Parsons, and paying the rent and taxes. In 1831, by a partition among the children of Mr. Prout, the premises were assigned to Mary Bradley, one of the lessors of the plaintiff, to whom the defendant thereafter paid the rent, but neglected to pay the taxes to the collector, for the years 1831, 1832, 1833 and 1834, amounting to $44.13, and suffered the premises to be sold for that amount, and the expenses of sale by the collector, to one Addison Nailor, who obtained a certificate of purchase, which he assigned to the defendant; but the assignment was afterwards cancelled, and after the expiration of the time for redemption, the said Nailor conveyed the premises to the defendant in fee-

simple, who thence-forth claimed to hold the same as a fee-simple estate in her own right, and adversely to the lessors of the plaintiff. At the time of the commencement of this suit, more than six month's rent was in arrear, and no sufficient goods were on the premises to counter vail the rent arrear. In the collector's advertisement of the sale of the property for the non-payment of the taxes, it is described thus: "To whom assessed. Parsons, Joseph B.; heirs of; square 906; part, and imp. Beginning thirty-four feet from the south-west corner of said square, running thence north," etc., as before stated.

Mr. Bradley, for plaintiff.
Brent & Brent, for defendant.

THE COURT refused to instruct the jury, at the prayer of the defendant, that the plaintiff could not recover upon the evidence given on his part; and at the prayer of the plaintiff instructed the jury, "that if they should be of opinion from the evidence aforesaid, that the heirs of the said Joseph B. Parsons, in the said advertisement named, were not at the time of the publication of the said advertisement the true and actual lawful owners of the premises advertised in their name as aforesaid; that the said square No. 906 had before that time been divided into lots and that the number of the lot, of which the said premises were a part, was not mentioned or stated in the said advertisement, then the said tax-sale of the said premises, was void, and the aforesaid deed from the mayor of the city of Washington to the said Addison Nailor, furnishes no ground for defence in this action."

Verdict and judgment for the plaintiff.